**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITAS MANAGEMENT CORP., et al. | : | |
| | : | |
| V. | : | CIVIL ACTION NO.: |
| | : | CCB-04-2331 |
| SAUL BASHOFF, CPA, et al. | : | |

**MEMORANDUM**

This case originated during the now-dismissed bankruptcy proceedings of Unitas Management Company ("UMC"), which manages the licensing of football legend Johnny Unitas's name and image. After Unitas's death in September 2002, the personal representatives of his estate, Charles Tatelbaum and Howard Moffett ("the Estate"), wrested control of UMC from Unitas's eldest son, John Unitas Jr. ("John Jr."). With Tatelbaum, Moffett, and Unitas's second wife Sandra as UMC's directors and officers, the company voluntarily filed for Chapter 11 bankruptcy on June 20, 2003, which was referred to Bankruptcy Judge E. Stephen Derby. Then, UMC and the Estate filed an adversary proceeding on April 29, 2004 against UMC's former accountant, Saul Bashoff, for damages due to accounting malpractice. In essence, they charged Bashoff with misreporting the allegedly wasteful practices of John Jr. while he was at UMC's helm.

Meanwhile, related litigation has proceeded in state court. The Estate had filed a suit directly against John Jr. for his alleged improprieties. John Jr. had separately sued Tatelbaum

and Moffett for improperly assuming control of UMC in violation of a pre-existing shareholder agreement.  On September 21, 2004, the Maryland Court of Special Appeals overturned the earlier decision of the Baltimore County Circuit Court, which had upheld John Jr.'s ouster from UMC.  After the Maryland Court of Appeals denied certiorari, the Circuit Court entered an order in March 2005 that gave John Jr. ownership and control of UMC.

On December 3, 2004, this court granted the defendant's unopposed motion to withdraw reference of the adversary proceeding from the bankruptcy court.  On May 25, 2005, UMC – now under John Jr.'s control – filed a motion to dismiss this case, which was opposed not by Bashoff but by the Estate.   On July 26, 2005, Judge Derby granted UMC's motion to dismiss its Chapter 11 case.

Given that the bankruptcy proceedings have been dismissed and there is no longer any federal law claim in this case, this court has the discretion to retain or decline supplemental jurisdiction over any remaining state law claims.  28 U.S.C. § 1367(c); *see also United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Shanaghan v. Cahill*, 58 F.3d 106, 109-110 (4th Cir. 1995).  For the following reasons, the court will decline supplemental jurisdiction over this case, and will dismiss without prejudice.

The parties agree that the only remaining claims in this case are for accounting malpractice, which fall under state law and which the state courts are well-equipped to handle.  The case was in federal court only because it was related to a bankruptcy case involving a company, UMC, which is no longer in bankruptcy and no longer wants to pursue its claim

against Bashoff.[1]  In addition, the claim for malpractice is ultimately predicated on the alleged misdeeds of John Jr., which are the subject of ongoing state court litigation.   Furthermore, this litigation is still in a relatively early stage: while some discovery has been done, neither Bashoff nor the expert witnesses have been deposed, all existing discovery would presumably be usable were the case refiled in state court, and there is no reason to believe that future discovery would not proceed promptly.

As the Estate has requested, and Bashoff does not oppose, the court notes that this dismissal is subject to the provisions of 28 U.S.C. § 1367(d).


    September 8, 2005                                       /s/
        Date                                           Catherine C. Blake
                                                     United States District Judge

---

[1] Because the court declines jurisdiction, it need not address UMC's motion to dismiss the case.